No. 617.

CHRISTOPHER CHAFFE VS. TRUSTEES MINDEN FEMALE COLLEGE.

The main defense is that the plaintiff was at the time the contract sued upon was entered into, and is now, a member of the Minden Board of Trustees, and that he could not make a contract with said trustees or with their agents, and that the contract was null and void. This defense is without any force. There is nothing in law or in morals that could prevent the plaintiff from entering into a contract with the defendant represented by a committee duly authorized thereto. No fraud is alleged.

If there is any bad faith exhibited in this case, it seems to be on the part of the defendants, who, having entered into a contract with plaintiff, have received the fruit of his labor and materials, and refuse to pay for the same under the pretext that a person, whose property and labor they are enjoying, had not the capacity to contract with themselves—a fact known to them when the contract was made, if it be a fact.

APPEAL from the Eighteenth Judicial District Court, parish of Webster. *Turner, J. L. B. Watkins*, for plaintiff and appellee. *George & Taylor*, for defendants and appellants.

LUDELING, C. J. The plaintiff sues the defendants for the balance of an account for work done by plaintiff for defendant, under a contract. The defense is that C. Chaffe was, at the time the said contract was entered into, and is now, a member of the board of trustees, and that he could not make a contract with said trustees or with their agents, and that the contract was null and void. They further allege that the work was not done according to contract.

The contract was signed by the plaintiff and a committee appointed by the trustees and authorized to make a contract for repairs upon the college buildings, and which work was to be under the direction and supervision of the committee. The work appears to have been done. The whole cost of the work was $2543 80, two thousand dollars whereof had been paid before the institution of this suit.

There is nothing in law or in morals that would prevent the plaintiff from entering into a contract with the defendant represented by a committee duly authorized thereto. No fraud is alleged. Christopher Chaffe, individually, was not the agent or mandatary of the defendant; he could not bind or affect the defendant by any act of his. As a member of the board of trustees, he could only act collectively with a quorum of the

board and at stated times. 13 La. 527, La. S. Bank vs. Senecal.   The only bad faith exhibited by this record seems to be on the part of the defendants, who, having entered into a contract with plaintiff, have received the fruits of his labor and his materials, and refuse to pay for the same under the pretext that a person, whose property and labor they are enjoying, had not the capacity to contract with themselves—a fact known to them when the contract was made, if it be a fact.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.